USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANNA BAPTISTE,

Plaintiff,

-against-

UNIVERSAL PROTECTION SERVICE LLC, doing business as ALLIED UNIVERSAL SECURITY SERVICES; SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 32BJ,

Defendants.

26 Civ. 8244 (AT)

**ORDER OF SERVICE**

ANALISA TORRES, United States District Judge:

Plaintiff Shanna Baptiste, who is appearing *pro se*, brings this action asserting a "hybrid claim" alleging that her employer breached its duties outlined in a collective bargaining agreement, in violation of Section 301 of the Labor Management Relations Act, and her union breached its duty of fair representation, in violation of the National Labor Relations Act. By order dated September 25, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

Plaintiff has been granted permission to proceed IFP and therefore may rely on the assistance of the court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date each summons in this action is issued.

issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue a summons for each Defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date each summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is directed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: November 5, 2026
New York, New York

ANALISA TORRES
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Universal Protection Service LLC d/b/a Allied Universal Security Services
   550 Washington Street
   New York, NY 10014

2. Service Employees International Union, Local 32BJ
   25 West 18th Street
   New York, NY 10011